1  Susan L. Gutierrez
   (State Bar No. 273980)
2  sgutierrez@proskauer.com
   PROSKAUER ROSE LLP
3  2049 Century Park East, 32nd Floor
   Los Angeles, California 90067
4  Telephone:  (310) 557-2900
   Facsimile:   (310) 557-2193
5
   Steven M. Bauer (*pro hac vice* to be sought)
6  sbauer@proskauer.com
   Justin J. Daniels (*pro hac vice* to be sought)
7  jdaniels@proskauer.com
   Safraz W. Ishmael (*pro hac vice* to be sought)
8  sishmael@proskauer.com
   PROSKAUER ROSE LLP
9  One International Place
   Boston, Massachusetts 02110
10 Telephone:  (617) 526-9600
   Facsimile:   (617) 526-9899
11
   Baldassare Vinti (*pro hac vice* to be sought)
12 bvinti@proskauer.com
   PROSKAUER ROSE LLP
13 Eleven Times Square
   New York, New York 10036
14 Telephone:  (212) 969-3000
   Facsimile:   (212) 969-2900
15
   *Attorneys for Plaintiffs*
16
                **UNITED STATES DISTRICT COURT**
17              **CENTRAL DISTRICT OF CALIFORNIA**
18
19 ZENITH ELECTRONICS LLC,          Case No. 2:14-cv-5150
   PANASONIC CORPORATION, and
20 U.S. PHILIPS CORPORATION,
                                    **COMPLAINT**
21              Plaintiffs,
                                    **[JURY TRIAL DEMANDED]**
      vs.
22
   SCEPTRE, INC.,
23
                Defendant.
24

25

26

27

28

                           COMPLAINT

# COMPLAINT

Plaintiffs Zenith Electronics LLC ("Zenith"), Panasonic Corporation ("Panasonic"), and U.S. Philips Corporation ("Philips") (together, "Plaintiffs"), by their undersigned attorneys, for their complaint against defendant Sceptre, Inc. ("Sceptre"), hereby allege as follows:

# PARTIES

1.      Plaintiff Zenith is a Delaware limited liability company, having its principal place of business in Lincolnshire, Illinois.

2.      Plaintiff Panasonic is a Japanese corporation, having its principal place of business in Osaka, Japan.

3.      Plaintiff Philips is a Delaware corporation, having its principal place of business in Briarcliff Manor, New York.

4.      Defendant Sceptre, upon information and belief, is a California corporation, having a regular and established business and sales office, or offices, in City of Industry, California and possibly other cities in this District.

5.      Sceptre also does business, or has done business, as Sceptre Industries, Inc., Sceptre Tech Inc., Sceptre Technologies, Inc., Sceptre Group, E-Sceptre, Inc., E-Scepter Inc., ESceptre, Golden Pacific Electronics Incorporated, Golden Pacific Properties, and/or OCosmo.

**JURISDICTION AND VENUE**

6.     This is an action for patent infringement arising under the Patent Laws of the United States, United States Code, Title 35, § 1, et seq.

7.     The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), and (d), and 1400(b).

9.     The Court has personal jurisdiction over Sceptre because Sceptre, among other things, conducts business in, and avails itself of the laws of, the State of California.  Sceptre is registered to do business in California and has appointed an agent for service of process in California.  In addition, upon information and belief, Sceptre through its own acts and/or through the acts of its affiliated companies (acting as its agents or alter egos) makes, uses, offers to sell, sells (directly or through intermediaries), imports, licenses and/or supplies, in this District and elsewhere in the United States, products, through regular distribution channels, knowing such products would be used, offered for sale and/or sold in this District.

**PATENTS-IN-SUIT**

10.     United States Patent No. 5,802,107, entitled "Symbol Rotator" (hereinafter, "the '107 patent") was duly and legally issued on September 1, 1998.  A copy of the '107 patent is attached hereto as Exhibit 1.

11.     United States Patent No. 5,629,958, entitled "Data Frame Structure and Synchronization System for Digital Television Signal" (hereinafter, "the '958 patent") was duly and legally issued on May 13, 1997.  A copy of the '958 patent is attached hereto as Exhibit 2.

12.     United States Patent No. Reissue 42,643, entitled "Communication System" (hereinafter, "the '643 patent") was duly and legally reissued on August 23, 2011.  A copy of the '643 patent is attached hereto as Exhibit 3.

13.     United States Patent No. 5,684,541, entitled "Transmitter Station for Transmitting a Plurality of Television Programs, and Receiver for Receiving the Programs" (hereinafter, "the '541 patent") was duly and legally issued on November 4, 1997.  A copy of the '541 patent is attached hereto as Exhibit 4.

### THE ATSC STANDARD

14.     The Advanced Television Systems Committee, Inc. ("ATSC") is an international, non-profit organization whose member organizations represent, among others, the broadcast, broadcast equipment, motion picture, consumer electronics, computer, cable, satellite, and semiconductor industries.  In the 1990s, the ATSC developed standards for the transmission and reception of digital television.

15.     The Federal Communications Commission ("FCC") has adopted certain ATSC standards (the "ATSC Standard") as the required standards for transmitting and receiving digital television ("DTV") in the United States.  FCC

3

rules require broadcasters to broadcast DTV signals in compliance with the ATSC Standard, and require DTV receivers (such as television sets) to be equipped with DTV tuners for receiving, decoding and presenting such DTV signals in compliance with the ATSC Standard.  FCC rules also require DTV receivers to be capable of decoding, processing and displaying closed captioning information that is delivered in the DTV signal.

## SCEPTRE'S INFRINGEMENT

16.    Each of the patents-in-suit is infringed by practice of the ATSC Standard.

17.    Sceptre makes, uses, offers to sell, sells (directly or through intermediaries), imports, licenses and/or supplies in this District and elsewhere in the United States, numerous products which comply with the ATSC Standard ("Sceptre's ATSC Products").

18.    Sceptre advertises that its ATSC Products, including its television sets, comply with the ATSC Standard.

19.    Upon information and belief, Sceptre's ATSC Products include (but are not limited to) the following television set model numbers:

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| Sceptre Branded Products | | | |
|---|---|---|---|
| E165BD-HD | H322BV-FHD | SQ3200 HDTV | X195BV-HD HDTV |
| E165BV-HD | H409BV-FHD | SQ3200* HDTV | X320BV-ECO HDTV |
| E195BD-SHDC HDTV/DVD | H425BV-FHD | | X320BV-HD |
| E195BV-SHD | H505BV-FHD HDTV | | X322BV-HD |
| E195BV-SHDE HDTV | | | X322BV-HDR |
| E240BC-FHD HDTV | | | X322PV-HDR |
| E240LC-FHD HDTV | | | X322UV-HDR |
| E240PC-FHD HDTV | | | X322WV-HDR |
| E240RC-FDH HDTV | | | X325BV-FHD |
| E240WC-FHD HDTV | | | X325BV-FHDU HDTV |
| E243BD-FHD | | | X325BV-FMDR |
| E243BV-FHD | | | X328BV-FHD HDTV |
| E243CV-FHD | | | X370BV-FHD HDTV |
| E243LV-FHD | | | X370BV-HD HDTV |
| E243PV-FDH Color HDTV | | | X372BV-FHD HDTV |
| E243RV-FHD | | | X400BV-FHD HDTV |
| E243WV-FHD | | | X402BV-FHD HDTV |
| E245BD-FHDU HDTV/DVD | | | X405BV-FHD HDTV |
| E245BV-FHD | | | X405BV-FHD3 |
| E245BV-FHD* | | | X405BV-FHDR |
| E245PD-FHDR | | | X405BV-FMD HDTV |
| E245PV-FHDR | | | X405BV-FMDU HDTV |
| E245RD-FHDR | | | X408BV-FHD |
| E245RV-FHDR | | | X408BV-FHDU HDTV |
| E245WD-FHDR | | | X409BV-FHD |
| E245WV-FHDR | | | X409BV-FHDR HDTV |
| E248BD-FHD HDTV | | | X409BV-FHDU HDTV |
| E320BV-HD HDTV | | | X420BV-FHD HDTV |
| E325BD-HD | | | X425BV-FHD |
| E325BV-FHDD 3D HDTV | | | X425BV-FHD3 HDTV |
| E325BV-HDC | | | X460BV-F120 HDTV |
| E325LD-HDR | | | X460BV-FHD HDTV |
| E325PD-HDR | | | X460EV-F120 HDTV |
| E325UD-HDR | | | X460PV-F120 HDTV |
| E325WD-HDR | | | X505BV-FHD |
| E328BD-HDC HDTV | | | X505BV-FHDU HDTV |
| E328BV-HDC HDTV | | | X505BV-FMDR HDTV |
| E328BV-HDH HDTV | | | X508BV-FHD |
| E328BV-MDC-HDTV | | | X508BV-FHDU HDTV |
| E420BV-F120 | | | |
| E425BV-FHDD | | | |
| E425BV-FHDD | | | |
| E465BV-FHDD | | | |
| E465BV-FHDD | | | |
| E475BV-FMDU | | | |
| E478BV-FMDU-HDTV | | | |
| E505BV-FMQR HDTV | | | |

5

1

2

3

| OCOSMO Branded Products |
| --- |
| CE1850 |
| CE1850V |
| CE2401 |
| CE2401V |
| CE3200 |
| CE3200V |
| CE3201 |
| CE3230 |
| CE3230V |
| CE4001 |
| CE4031 |
| CE4201 |
| CE4271 |
| CE7401 |
| CX5001 |

Without discovery from Sceptre, Plaintiffs are not able to ascertain at the pleading stage all Sceptre products with ATSC functionality.

20.    Sceptre has infringed and continues to infringe, literally and/or under the doctrine of equivalents, one or more claims of the patents-in-suit by making, using, offering to sell, selling (directly or through intermediaries), importing, licensing and/or supplying in this District and elsewhere in the United States, products, including but not limited to Sceptre's ATSC Products, that are covered by claims of, perform the methods claimed in, and/or are made by a process claimed in the patents-in-suit without authority, consent or license.

21.    Upon information and belief, Sceptre has also sold and provided and continues to sell and provide its ATSC Products, directly and/or indirectly, to third

COMPLAINT

parties, including but not limited to customers, users, distributors, and/or resellers (such as retailers) (collectively, "downstream parties").

22.     Upon information and belief, the downstream parties directly infringe one or more claims of the patents-in-suit by making, using, offering to sell, selling (directly or through intermediaries), importing, licensing and/or supplying in this District and elsewhere in the United States, products, including but not limited to Sceptre's ATSC Products, that are covered by claims of, perform the methods claimed in, and/or are made by a process claimed in the patents-in-suit without authority, consent or license.

23.     MPEG LA is a company that offers a "one-stop-shop" license for a pool of patents for practicing the ATSC Standard ("ATSC pool license").  Zenith, Panasonic, and Philips are licensors in the ATSC pool license and the '107, '958, '643, and '541 patents are licensed under the ATSC pool license.  MPEG LA offers the ATSC pool license on fair, reasonable and nondiscriminatory terms.

24.     More than 120 companies have taken the ATSC pool license, including virtually all leading television set sellers that compete with Sceptre.

25.     In addition, separate and apart from the ATSC pool license, each of Zenith, Panasonic, and Philips has committed to make available licenses under any and all of its ATSC essential patents to any individual company or entity desirous of such a license on fair, reasonable and nondiscriminatory terms.

COMPLAINT

26. Thus, any company may obtain a license directly from Zenith for the '107 and/or '958 patents, from Panasonic for the '643 patent, and from Philips for the '541 patent, or, alternatively, may obtain the ATSC pool license from MPEG LA.

27. MPEG LA offered the ATSC pool license to Sceptre but Sceptre has declined to take the license.

28. Plaintiffs gave written notice to Sceptre of its infringement. For example, among other things, MPEG LA, on behalf of each Plaintiff, gave written notice to Sceptre of its infringement.

29. Sceptre has also not entered into a license under any of the '107, '958, '643, and '541 patents with any of Plaintiffs.

30. In short, notwithstanding the fact that Sceptre was and continues to be aware that its products infringed and are infringing the patents-in-suit, Sceptre has refused to take a license.

31. Infringement of the patents-in-suit by Sceptre is, therefore, willful.

32. For the same reasons, among others, Sceptre has known that the acts by downstream parties of making, using, offering to sell, selling (directly or through intermediaries), importing, licensing and/or supplying Sceptre's ATSC Products, in this District and elsewhere in the United States, directly infringe the patents-in-suit.

33. Further, upon information and belief, Sceptre has specifically intended to induce and contribute to the infringement by, and has induced and contributed to

COMPLAINT

the infringement by, downstream parties to infringe the patents-in-suit by making, using, offering to sell, selling (directly or through intermediaries), importing, licensing and/or supplying in this District and elsewhere in the United States, its ATSC Products, knowing that the use of these products causes others to infringe Plaintiffs' patents-in-suit.  For example, Sceptre has advertised, licensed, and/or provided instructions for such products with the specific intent and encouragement that the downstream parties infringe the patents-in-suit.  Also, upon information and belief, Sceptre has provided downstream parties with instructions and/or user guides indicating that its products employ the ATSC Standard.

34.     Sceptre's infringing actions were and are without authority, consent or license.

35.     Plaintiffs have each suffered damages as a result of the direct and indirect infringing actions of Sceptre, and will continue to suffer such damages as long as those infringing actions continue.

## COUNT I:  INFRINGEMENT OF U.S. PATENT NO. 5,802,107

36.     The allegations contained in paragraphs 1-35 above are repeated and realleged as if fully set forth herein.

37.     Zenith is the assignee and owner of the right, title, and interest in and to the '107 patent, now and for the entire period of and relevant to the infringement, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

COMPLAINT

38.     Sceptre is, and has been, on notice of the '107 patent since before this lawsuit was filed.

39.     Based on, among other things, the facts incorporated by reference in paragraph 36, and alleged in paragraphs 37-38, Sceptre has and continues to directly infringe and/or indirectly infringe, literally and/or under the doctrine of equivalents, the '107 patent under 35 U.S.C. § 271, including at least claims 12, 13, 14, 15, 16, 17, 18, 20, 21, 22, 23, 24, 25, and 26.

40.     Upon information and belief, the infringement of the '107 patent by Sceptre has been willful.

41.     Zenith has been damaged and continues to be damaged by Sceptre's infringement of the '107 patent.

### COUNT II:  INFRINGEMENT OF U.S. PATENT NO. 5,629,958

42.     The allegations contained in paragraphs 1-35 above are repeated and realleged as if fully set forth herein.

43.     Zenith is the assignee and owner of the right, title, and interest in and to the '958 patent, now and for the entire period of and relevant to the infringement, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

44.     Sceptre is, and has been, on notice of the '958 patent since before this lawsuit was filed.

45.     Based on, among other things, the facts incorporated by reference in

COMPLAINT

paragraph 42, and alleged in paragraphs 43-44, Sceptre has and continues to directly infringe and/or indirectly infringe, literally and/or under the doctrine of equivalents, the '958 patent under 35 U.S.C. § 271, including at least claims 9, 10, 11, and 12.

46.     Upon information and belief, the infringement of the '958 patent by Sceptre has been willful.

47.     Zenith has been damaged and continues to be damaged by Sceptre's infringement of the '958 patent.

**COUNT III:  INFRINGEMENT OF U.S. PATENT NO. REISSUE 42,643**

48.     The allegations contained in paragraphs 1-35 above are repeated and realleged as if fully set forth herein.

49.     Panasonic is the assignee and owner of the right, title, and interest in and to the '643 patent, now and for the entire period of and relevant to the infringement, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

50.     Sceptre is, and has been, on notice of the '643 patent since before this lawsuit was filed.

51.     Based on, among other things, the facts incorporated by reference in paragraph 48, and alleged in paragraphs 49-50, Sceptre has and continues to directly infringe and/or indirectly infringe, literally and/or under the doctrine of equivalents, the '643 patent under 35 U.S.C. § 271, including at least claim 14.

COMPLAINT

52.     Upon information and belief, the infringement of the '643 patent by Sceptre has been willful.

53.     Panasonic has been damaged and continues to be damaged by Sceptre's infringement of the '643 patent.

## COUNT IV:  INFRINGEMENT OF U.S. PATENT NO. 5,684,541

54.     The allegations contained in paragraphs 1-35 above are repeated and realleged as if fully set forth herein.

55.     Philips is the assignee and owner of the right, title, and interest in and to the '541 patent, now and for the entire period of and relevant to the infringement, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

56.     Sceptre is, and has been, on notice of the '541 patent since before this lawsuit was filed.

57.     Based on, among other things, the facts incorporated by reference in paragraph 54, and alleged in paragraphs 55-56, Sceptre has and continues to directly infringe and/or indirectly infringe, literally and/or under the doctrine of equivalents, the '541 patent under 35 U.S.C. § 271, including at least claim 2.

58.     Upon information and belief, the infringement of the '541 patent by Sceptre has been willful.

59.     Philips has been damaged and continues to be damaged by Sceptre's infringement of the '541 patent.

COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXCEPTIONAL CASE

60. The allegations contained in paragraphs 1-59 above are repeated and realleged as if fully set forth herein.

61. Based on, among other things, the facts alleged in paragraphs 1-59, including Sceptre's intentional use of the ATSC Standard, Sceptre's knowledge of its infringement and its downstream parties' infringement, and Sceptre's continued direct and/or indirect infringement, this case is exceptional under 35 U.S.C. § 285, and Plaintiffs are entitled to their reasonable costs and expenses of litigation.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter a judgment:

    A.    Declaring that Sceptre has infringed U.S. Patent Nos. 5,802,107, 5,629,958, RE 42,643, and 5,684,541;

    B.    Awarding Plaintiffs damages adequate to compensate for Sceptre's infringing activities, including supplemental damages for any post-verdict infringement up until entry of the final judgment with an accounting as needed, together with prejudgment and post-judgment interest on the damages awarded; all of these damages to be enhanced in an amount up to treble the amount of compensatory damages as justified under 35 U.S.C. § 284;

    C.    Declaring that this case is exceptional under 35 U.S.C. § 285 and awarding Plaintiffs their reasonable costs and expenses of litigation, including attorneys' and experts' fees; and

    D.    Awarding Plaintiffs such other and further relief as the Court may deem just and proper.

COMPLAINT

1

**JURY DEMAND**

2

      Plaintiffs demand a trial by jury as to all claims and all issues properly triable

3

thereby.

4

5

Dated:  July 2, 2014

                           Steven M. Bauer
Justin J. Daniels

6

Baldassare Vinti
Safraz W. Ishmael
Susan L. Gutierrez

7

PROSKAUER ROSE LLP

8

*Attorneys for Plaintiffs*

9

10

By:  /s/ *Susan L. Gutierrez*
         Susan L. Gutierrez

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT